UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

FILED
OCT 09 2019
U.S. CLERK'S OFFICE
INDIANAPOLIS, INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) CAUSE NO. 1:19-cr-0278 JPH-TAB |
| HUGO HERNANDEZ, | ) -01 |
| JOSE GARCIA, and | ) -02 |
| RAMON SOLIS, | ) -03 |
| Defendants. | ) |

## SUPERSEDING INDICTMENT

### COUNT 1

[21 U.S.C. §§ 846 and 841(a)(1) – Conspiracy to Distribute Controlled Substances]

The Grand Jury charges that:

From on or about November 28, 2018, and continuing up to and including February 18, 2019, in the Southern District of Indiana, Indianapolis Division, and elsewhere, HUGO HERNANDEZ, JOSE GARCIA, and RAMON SOLIS, defendants herein, did knowingly conspire together and with other persons, known and unknown to the Grand Jury, to possess with the intent to distribute and to distribute controlled substances – including, but not necessarily limited to, methamphetamine and fentanyl;

In violation of Title 21, United States Code, Sections 846 and 841(a)(1).

**Objects of the Conspiracy**

The charged conspiracy had the following objects:

1. The distribution of fifty grams or more of methamphetamine, a Schedule II non-narcotic controlled substance; and

2. The distribution of a mixture or substance containing a detectable amount of fentanyl, a Schedule I narcotic controlled substance.

**Manner and Means**

1. During the period of the conspiracy, HERNANDEZ, GARCIA, and SOLIS, together with other persons known and unknown to the Grand Jury, coordinated together to distribute controlled substances, including methamphetamine and fentanyl, in the vicinity of Indianapolis, Indiana.

2. HERNANDEZ coordinated with an unknown person located in Mexico to distribute drugs in the Indianapolis area.

3. HERNANDEZ arranged drug distributions by cellular telephone. Drug buyers would contact HERNANDEZ directly, and he would arrange to supply the buyers with the requested drugs, including methamphetamine and fentanyl.

4. HERNANDEZ coordinated delivery of these controlled substances, including methamphetamine and fentanyl, to those drug buyers and arranged for GARCIA, SOLIS, and/or other persons known and unknown to the Grand Jury to assist him with the delivery of those controlled substances to those buyers.

5. HERNANDEZ, in coordination with GARCIA, SOLIS, and other persons known and unknown to the Grand Jury arranged to meet drug buyers at locations within the Southern District of Indiana. HERNANDEZ also arranged for GARCIA, SOLIS, and other persons known and unknown to the Grand Jury to receive on his behalf the payments for the drugs.

## Overt Acts

In furtherance of the conspiracy, and to effect the objects of it, the defendants did commit the following overt acts, among others:

1. On or about November 28, 2018, shortly after 5:28 p.m., at a location off Roosevelt Avenue in Indianapolis, Indiana, HERNANDEZ instructed GARCIA to obtain methamphetamine for distribution to a person known to the Grand Jury (Individual 1).

2. On or about December 3, 2018, at about 6:12 p.m., at a location off Roosevelt Avenue in Indianapolis, Indiana, HERNANDEZ contacted GARCIA by telephone to arrange a meeting between GARCIA and Individual 1 at which GARCIA would transfer the methamphetamine to Individual 1.

3. On or about December 3, 2018, at about 6:21 p.m., at a location off Bloyd Avenue in Indianapolis, Indiana, GARCIA at HERNANDEZ's request distributed 447 grams of actual methamphetamine to Individual 1, and accepted payment of $3,000 on behalf of HERNANDEZ.

4. On or about February 7, 2019, HERNANDEZ and SOLIS traveled to a location off County Line Road, in Greenwood, Indiana, for the purpose of distributing to Individual 1 approximately 100 counterfeit Oxycodone pills containing fentanyl.

5. On or about February 7, 2019, at about 6:37 p.m., HERNANDEZ and SOLIS met with Individual 1 and traveled to a location off U.S. 31 in Greenwood, Indiana. There, HERNANDEZ and SOLIS distributed approximately 100 counterfeit Oxycodone pills containing fentanyl to Individual 1, and HERNANDEZ received and counted $1,800 in payment received from Individual 1.

6. On or about February 7, 2019, at 6:50 p.m., in the vicinity of East Street, Indianapolis, SOLIS transported by automobile the $1,800 he and HERNANDEZ had received from Individual 1.

7. On or about February 19, 2019, at about 5:50 p.m., HERNANDEZ and an unidentified male met at a location near Greenwood Mall in Greenwood, Indiana, for the purpose of coordinating a

distribution of approximately 100 counterfeit Oxycodone pills containing fentanyl to Individual 1.

8. On or about February 19, 2019, at about 6:31 p.m., at that same location in Greenwood, Indiana, the unidentified male, at HERNANDEZ's direction, entered a vehicle driven by Individual 1. After Individual 1 drove a short distance away to another location in Greenwood off of U.S. 31, the unidentified male, at the direction of HERNANDEZ, distributed approximately 100 counterfeit Oxycodone pills containing fentanyl to Individual 1 in exchange for $2,000 in cash.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 846.

## COUNT 2

[21 U.S.C. §§ 841(a)(1); 841(b)(1)(A)(viii) – Distribution of Methamphetamine]

The Grand Jury further charges that:

On or about December 3, 2018, in the Southern District of Indiana, Indianapolis Division, HUGO HERNANDEZ and JOSE GARCIA, the defendants in this Count, did knowingly distribute 50 grams or more of methamphetamine, a controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii), and Title 18, United States Code, Section 2.

## COUNT 3

[21 U.S.C. §§ 841(a)(1); 841(b)(1)(C) – Distribution of a Mixture or Substance Containing Fentanyl]

The Grand Jury further charges that:

On or about February 7, 2019, in the Southern District of Indiana, Indianapolis Division, HUGO HERNANDEZ and RAMON SOLIS, the defendants in this Count, did knowingly distribute a mixture or substance containing a detectable amount of fentanyl, a controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

## COUNT 4

[21 U.S.C. §§ 841(a)(1); 841(b)(1)(C) – Distribution of a Mixture or Substance Containing Fentanyl]

The Grand Jury further charges that:

On or about February 19, 2019, in the Southern District of Indiana, Indianapolis Division, HUGO HERNANDEZ, the defendant in this Count, did knowingly distribute a mixture or substance containing a detectable amount of fentanyl, a controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

## FORFEITURE

1. The allegations in the Counts 1 through 4 of this Indictment are realleged as if fully set forth here, for the purpose of alleging forfeiture pursuant to Title 21, United States Code, Section 853, and Title 28, United States Code, Section 2461(c).

2. If convicted of any of the offenses set forth in Count 1, 2, 3, or 4 of this Indictment, HUGO HERNANDEZ, the defendant named in Counts 1, 2, 3, and 4, shall forfeit to the United States any and all property constituting or derived from any proceeds the defendant obtained directly or indirectly as a result of the offenses set forth in Counts 1, 2, 3, or 4 of the Indictment, and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the offenses set forth in Counts 1, 2, 3, or 4 of the Indictment.

3. If convicted of any of the offenses set forth in Counts 1 or 2 of the Indictment, JOSE GARCIA, the defendant named in Counts 1 and 2, shall forfeit to the United States any and all property constituting or derived from any proceeds the defendant obtained directly or indirectly as a result of the

offenses set forth in Counts 1 or 2 of the Indictment, and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the offenses set forth in Counts 1 or 2 of the Indictment.

4. If convicted of any of the offenses set forth in Counts 1 or 3 of the Indictment, RAMON SOLIS, the defendant named in Counts 1 and 3, shall forfeit to the United States any and all property constituting or derived from any proceeds the defendant obtained directly or indirectly as a result of the offenses set forth in Counts 1 or 3 of the Indictment, and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the offenses set forth in Counts 1 or 3 of the Indictment.

5. Pursuant to Title 21, United States Code, Section 853(p), the court shall order the forfeiture of any other property of the defendants, up to the value of any property described in paragraphs 2, 3, or 4, if, by any act or omission of the defendants, the property described in paragraphs 2, 3, or 4, or any portion thereof:

    a. Cannot be located upon the exercise of due diligence;

    b. Has been transferred or sold to, or deposited with, a third party;

    c. Has been placed beyond the jurisdiction of the court;

    d. Has been substantially diminished in value; or

    e. Has been commingled with other property which cannot be divided without difficulty.

6. In keeping with the foregoing, it is the intent of the United States, pursuant to Title 21,

United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of all forfeitable property as described above in Paragraphs 2, 3, or 4.

A TRUE BILL:

███████████
_____
FOREPERSON


JOSH J. MINKLER
United States Attorney

by: _____
William L. McCoskey
Assistant United States Attorney